UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KOURIOCKEIN VANN,

                Plaintiff,

v.

CORRECTION OFFICER Y. SUDRANSKI
and LIEUTENANT S. HANN,

                Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

16 CV 7367 (VB)

Briccetti, J.:

    Plaintiff Kouriockein Vann, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983, alleging Correction Officer ("C.O.") Y. Sudranski and Lieutenant ("Lt.") S. Hann, employees of the New York State Department of Corrections and Community Supervision, violated plaintiff's Eighth Amendment rights while he was incarcerated at Green Haven Correctional Facility ("Green Haven").[1]

    Before the Court is defendants' motion for summary judgment. (Doc. #145).

    For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

    Defendants have submitted memoranda of law, a statement of material facts pursuant to Local Civil Rule 56.1, declarations, and supporting exhibits. Plaintiff has submitted memoranda of law with an incorporated statement of material facts, and a collection of documents in support of his position. Together, the parties' submissions reflect the following factual background.

---

[1] Plaintiff also brought claims against several other Green Haven employees. By Opinion and Order dated December 20, 2017, the Court dismissed those claims and terminated those defendants from this action. (Doc. #64).

1

On July 12, 2015, in a Green Haven recreational yard, a fight broke out between two inmates, during which one of the two inmates sustained a laceration to his left arm. On-duty medical personnel determined the injury was caused by an unrecovered weapon. Thereafter, for safety and security reasons, the yard was ordered closed and several Green Haven officers performed pat frisks on all inmates who were in the yard, including plaintiff, in an attempt to recover any weapons.

C.O. Sudranski was tasked with frisking plaintiff and several other inmates who were in the yard. According to plaintiff, upon patting plaintiff's clothed inner and outer legs, C.O. Sudranski "struck plaintiff forcefully with a 'reverse karate chop' to his testicle and groin area, and then, reached around and groped plaintiff's penis." (Doc. #158 ("Pl. Mem.") at 1). Plaintiff says C.O. Sudranski told plaintiff to walk to his housing block following the pat frisk.

C.O. Sudranski denies using excessive force against plaintiff, assaulting plaintiff, or touching plaintiff in an inappropriate manner. According to C.O. Sudranski, the frisk was performed without incident, after which plaintiff walked to his housing block.

Lt. Hann supervised the frisks on July 12, 2015, which were performed by several correction officers. Plaintiff claims that while walking toward his housing block, he attempted to speak with Lt. Hann about C.O. Sudranski's alleged misconduct. According to plaintiff, C.O. Sudranski then shouted: "[Y]ou can't stop and talk to her. You must proceed back to your block." (Pl. Mem. at 2). Plaintiff acknowledges Lt. Hann did not directly participate in the frisk of plaintiff, and that because Lt. Hann was supervising several officers conducting frisks, plaintiff does not know whether Lt. Hann witnessed C.O. Sudranski's allegedly improper frisk.

Plaintiff claims that after he returned to his housing unit, he told non-party C.O. Blackmon about the incident with C.O. Sudranski, and that C.O. Blackmon then told Lt. Hann.

2

According to plaintiff, Lt. Hann instructed C.O. Blackmon to provide plaintiff a sick call slip so that plaintiff could be seen by medical personnel. Plaintiff was evaluated by a nurse the following day, July 13, 2015.

According to plaintiff, upon speaking with C.O. Blackmon on July 12, 2015, and learning of plaintiff's complaints, Lt. Hann should have interviewed plaintiff immediately, created a report of the incident, and sent plaintiff for a medical evaluation.

On July 20, 2015, plaintiff submitted a grievance respecting C.O. Sudranski's alleged misconduct. Plaintiff wrote: "C.O. Sudranski deliberately hit me in the testicle area. Then, [h]e fondled my groin area in the front with his left hand. Causing great discomfort and pain. I tried to speak with the Lieutenant on [s]ite. But was immediately told to keep going, there's no stopping." (Doc. #148 ("Gashi Decl.") Ex. C at 1).

## DISCUSSION

I.  Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[2]

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party fails to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 322–23. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011). The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury reasonably could find for him. Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper. Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need consider only evidence that would be admissible at trial. Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998). The burden to proffer evidence admissible pursuant to the Federal Rules of Evidence applies "equally to pro se litigants." Varughese v. Mt. Sinai Med. Ctr., 2015 WL 1499618, at *4 (S.D.N.Y. Mar. 27, 2015) (citing Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001)).[3] Accordingly, bald assertions, completely unsupported by admissible evidence, are not sufficient to overcome summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II.     Excessive Force Claim

Defendants argue plaintiff fails as a matter of law to establish an Eighth Amendment excessive force claim with respect to C.O. Sudranski's pat frisk of plaintiff.

The Court agrees inasmuch as plaintiff alleges an excessive force claim against Lt. Hann, but disagrees as to plaintiff's excessive force claim against C.O. Sudranski.

A.     Legal Standard

There are two components to a claim of cruel and unusual punishment in violation of the Eighth Amendment: one objective and one subjective. Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009). The objective inquiry focuses on the harm done in light of "contemporary standards of decency." Wright v. Goord, 554 F.3d at 268 (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). An inmate must show "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Id. (quoting Hudson v. McMillian, 503 U.S. at 8). "But when prison officials use force to cause harm maliciously and sadistically,

---

[3]     Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

5

'contemporary standards of decency always are violated. . . . This is true whether or not significant injury is evident.'" Id. at 268–69 (quoting Hudson v. McMillian, 503 U.S. at 9).

> Although not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights, a showing of extreme injury is not required to bring an excessive force claim if the alleged conduct involved unnecessary and wanton infliction of pain.

Toliver v. N.Y.C. Dep't of Corr., 202 F. Supp. 3d 328, 334–35 (S.D.N.Y. 2016).

To establish the subjective inquiry, an inmate must show the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness' in light of the particular circumstances surrounding the challenged conduct." Wright v. Goord, 554 F.3d at 268. "The test of whether use of force in prison constitutes excessive force contrary to the Eighth Amendment is whether the force was used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Scott v. Coughlin, 344 F.3d 282, 291 (2d Cir. 2003) (citing Hudson v. McMillian, 503 U.S. at 7).

> To determine whether defendants acted maliciously or wantonly, a court must examine several factors including: the extent of the injury and the mental state of the defendant, as well as "the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response."

Id. (quoting Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993)).

B.  C.O. Sudranski

There are genuine issues of material fact as to whether C.O. Sudranski used excessive force while performing a pat frisk on plaintiff on July 12, 2015. With respect to the first prong of the Eighth Amendment analysis, plaintiff has presented evidence that the alleged wrongdoing was objectively harmful. Indeed, plaintiff testified at his deposition that during the frisk, C.O. Sudranski "forcibly reverse[] karate chopped and hit me in my groin, my testicles and then he

6

leaned on my back with his right arm and he reached with his left hand around and fondled my groin area and shook it." (See Doc. # 148-2 ("Pl. Dep.") at 40).  Plaintiff further testified he told C.O. Blackmon about the alleged incident immediately after it occurred (id. at 44), and on July 20, 2015, plaintiff filed a grievance respecting C.O. Sudranski's alleged misconduct.  (See Doc. #148-3).  Moreover, attached to plaintiff's opposition are records of plaintiff's complaints to medical personnel of testicular pain following the incident, one of which, dated July 13, 2015—the day after the frisk—notes tenderness in plaintiff's testicles and minor trauma.  (Pl. Mem. at ECF 62).[4]  Whether plaintiff's story is true is for a jury to determine.

Defendants nevertheless argue the record evidence demonstrates C.O. Sudranski's use of force was de minimis and applied for the legitimate, penological purpose of performing a routine pat frisk to ensure safety and maintain order at Green Haven.  Even still, the material factual dispute respecting what occurred on July 12, 2015, precludes summary judgment in C.O. Sudranski's favor.  Defendants would have the Court overlook plaintiff's testimony and instead rely only on defendants' factual recitation of the incident—that the force used was de minimis and appropriate under the circumstances.  But "as a general rule, a district court may not discredit a witness's deposition testimony on a motion for summary judgment, because the assessment of a witness's credibility is a function reserved for the jury."  Fincher v. Depository Tr. & Clearing Corp., 604 F.3d 712, 725 (2d Cir. 2010).  Again, plaintiff's credibility is a jury question.

With respect to the subjective prong of the inquiry, a triable issue of fact exists regarding whether the alleged force was used in a good-faith effort to conduct a routine frisk, or

---

[4]   Citations to "ECF __" refer to page numbers automatically assigned by the Court's Electronic Case Filing system.

maliciously and sadistically to cause harm. The record is devoid of evidence suggesting C.O. Sudranski needed to use any amount of force to maintain plaintiff's compliance during the frisk, or evidence suggesting plaintiff failed to follow C.O. Sudranski's orders during same. In other words, there appears to have been no need for C.O. Sudranski to employ a forceful strike or motion during the frisk, if in fact that is what he did. Moreover, defendants do not convincingly suggest that such force, if used, would have been justified under the circumstances.

Instead, defendants contend no reasonable jury could find that C.O. Sudranski's alleged use of force was malicious or sadistic because he and plaintiff had no prior relationship, and because C.O. Sudranski was unaware plaintiff took issue with the frisk when it occurred. This argument fails. First, it presupposes that an excessive force claim cannot lie absent retaliatory intent, and second, it inappropriately deflects focus of the inquiry to plaintiff's reaction to the allegedly unconstitutional conduct.

In short, genuine issues of material fact preclude summary judgment on the excessive force claim against C.O. Sudranski.

   C.   Lt. Hann

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983." Wright v. Smith, 21 F.3d 496, 501 (2d. Cir. 1994).

> Supervisor liability under § 1983 can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (citing Colon v. Coughlin, 58 F.3d 865,

873 (2d Cir. 1995)).[5]  Moreover, Section 1983 liability cannot be predicated on a theory of respondeat superior.  See City of Canton v. Harris, 489 U.S. 378, 385 (1989).  Indeed, "[t]he bare fact that [a defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [a] claim."  Colon v. Coughlin, 58 F.3d at 874.

Here, plaintiff concedes Lt. Hann did not directly participate in the frisk conducted by C.O. Sudranski.  In fact, according to plaintiff, he (plaintiff) attempted to discuss the incident with Lt. Hann after the incident had occurred.  Accordingly, because Lt. Hann had no personal involvement in the alleged constitutional violation, she is entitled to summary judgment on the excessive force claim.

III.  Sexual Abuse Claim

Defendants next argue plaintiff, as a matter of law, cannot establish an Eighth Amendment sexual abuse claim against C.O. Sudranski.

The Court agrees.

"Instances of sexual contact by prison officials violate the constitution if they disturb 'contemporary standards of decency' and are 'objectively, sufficiently serious enough."  Cole v. Suffolk Cty. Corr. Facility, 2020 WL 2113205, at *3 (E.D.N.Y. May 4, 2020) (quoting Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997)).  "In determining whether an Eighth Amendment violation has occurred, the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate."  Crawford v. Cuomo, 796

---

[5]  After Ashcroft v. Iqbal, district courts within the Second Circuit have been divided as to whether claims alleging personal involvement under the second, fourth, and fifth of these factors remain viable.  See Marom v. City of New York, 2016 WL 916424, at *15 (S.D.N.Y. Mar. 7, 2016) (collecting cases).  The Second Circuit has yet to resolve this dispute.  Id.

F.3d 252, 258 (2d Cir. 2015) (citing Whitley v. Albers, 475 U.S. 312, 320–21 (1986)).  Courts in the Second Circuit have consistently held that "brief contact with an arrestee's . . . genital area during a pat-down, without more, is insufficient" to state a constitutional claim.  Scalpi v. Amorim, 2018 WL 1606002, at *18 (S.D.N.Y. Mar. 29, 2018) (collecting cases).

Here, the undisputed record evidence demonstrates C.O. Sudranski made, at most, brief contact with plaintiff's genital area during a routine and necessary pat frisk.  "Slight contact of this sort is to be expected during a frisk," Cole v. Suffolk Cty. Corr. Facility, 2020 WL 2113205, at *4, and is inherent in an officer's pat-down of an inmate's person to search for contraband.  The undisputed evidence demonstrates the contact was not lengthy, and plaintiff's legs, pelvic, and groin areas were clothed during the frisk.  Moreover, the frisk was conducted in the presence of several other officers, inmates, and at least one supervisor, and was incidental to legitimate penological duties.  Simply, there is no evidence to suggest C.O. Sudranski frisked plaintiff in a sexually inappropriate manner, even though, as noted above, there is a material issue of fact respecting the amount of force C.O. Sudranski used during the frisk.

Thus, defendants are entitled to summary judgment on the sexual abuse claim.

IV.	Failure to Intervene Claim

Defendants further argue plaintiff, as a matter of law, cannot establish an Eighth Amendment failure to intervene claim against Lt. Hann.

The Court agrees.

"[A]ll law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence."  Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).  "Failure to intercede results in liability where an officer observes excessive force is being used or has reason to know that it will

10

be." Jean-Laurent v. Wilkerson, 461 F. App'x 18, 21 (2d Cir. 2012) (summary order) (citing Curley v. Village of Suffern, 268 F.3d 65, 72 (2d Cir. 2001)). "However, 'in order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring.'" Id. (citing Anderson v. Branen, 17 F.3d at 557).

Here, the record evidence, including plaintiff's testimony, demonstrates the complained-of force involved, at most, "one strike" to plaintiff's groin area. (See Pl. Dep. at 85; see also Pl. Mem. at 1 ("Sudranski struck plaintiff forcefully with a 'reverse karate chop' to his testicle and groin area.")). The evidence does not support any claim that Lt. Hann witnessed the allegedly unlawful conduct, encouraged or acquiesced in such conduct, or had a realistic opportunity to prevent the alleged use of excessive force from occurring.

For these reasons, Lt. Hann is entitled to summary judgment on this claim.[6]

V.     Qualified Immunity

Finally, C.O. Sudranski argues that, to the extent the record supports an Eighth Amendment excessive force claim, such claim should be dismissed on the basis of qualified immunity.[7]

The Court disagrees.

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v.

---

[6] Because plaintiff's failure to intervene claim against Lt. Hann fails as a matter of law, the Court need not address whether plaintiff exhausted this claim.

[7] Because plaintiff's claims against Lt. Hann fail as a matter of law, the Court need not address whether Lt. Hann is entitled to qualified immunity.

11

Briggs, 475 U.S. 335, 341 (1986).  "A qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law."  Salim v. Proulx, 93 F.3d 86, 89 (2d Cir. 1996).  "Where a factual issue exists on the issue of motive or intent, a defendant's motion for summary judgment on the basis of qualified immunity must fail."  Johnson v. Ganim, 342 F.3d 105, 117 (2d Cir. 2003); see also Atkins v. County of Orange, 372 F. Supp. 2d 377, 403–04 (S.D.N.Y. 2005) (precluding summary judgment on defense of qualified immunity as to plaintiff's excessive force claim), aff'd sub nom. Bellotto v. County of Orange, 248 F. App'x 232 (2d Cir. 2007) (amended summary order).

Here, there is a genuine factual dispute concerning whether C.O. Sudranski used excessive force against plaintiff during the July 12, 2015, frisk.  Plaintiff's Eighth Amendment right to be free from the use of excessive force was clearly established at the time of the allegedly unlawful conduct, and it would not have been objectively reasonable for C.O. Sudranski to have believed he could lawfully violate that right by forcefully striking plaintiff in the groin during a routine pat frisk.

Accordingly, factual issues preclude summary judgment in favor of C.O. Sudranski on basis of qualified immunity.

## CONCLUSION

The motion for summary judgment is GRANTED IN PART and DENIED IN PART.

Plaintiff's Eighth Amendment excessive force claim against C.O. Sudranski shall proceed.  All other claims are dismissed.

Plaintiff and defense counsel are directed to appear for a telephone status conference on

July 8, 2020, at 11:00 a.m., at which time the Court will discuss the scheduling of a trial. Defense counsel shall make all necessary arrangements for plaintiff to appear by telephone. Plaintiff and defense counsel shall attend the conference by calling the following number and entering the access code when requested:

**Dial-In Number:** **(888) 363-4749 (toll free) or (215) 446-3662**

**Access Code:** **1703567**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #145) and terminate Lt. Hann as a defendant in this action.

Dated: June 4, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

13