MEMORANDUM ENDORSEMENT



Vann v. Sudranski,
16 CV 7367 (VB)

    The Court has received from plaintiff, who is proceeding pro se and in forma pauperis, the attached motion, dated June 11, 2020, requesting appointment of pro bono counsel (Doc. #171). The is plaintiff's fourth request for appointment of pro bono counsel. (See Docs. ##5, 59, 140). In the instant motion, plaintiff states this case presents "several different" and "complex" legal claims, and requires "discovery of documents and depositions." (See Doc. #171 at ECF 2).

    Plaintiff's request for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE.

    As an initial matter, discovery has been complete for over a year. (See Docs. ##135, 139). Accordingly, plaintiff's request for pro bono counsel because this case requires discovery of documents and depositions is without merit.

    Secondly, on June 4, 2020, the Court issued an Opinion and Order granting summary judgment in defendants' favor on plaintiff's Eighth Amendment sexual abuse claim against C.O. Sudranski, as well as plaintiff's Eighth Amendment excessive force and failure to intervene claims against Lt. Hann. (See Doc. #170). Plaintiff's only claim that survived summary judgment is his Eighth Amendment excessive force claim against C.O. Sudranski. (Id.). Accordingly, plaintiff currently does not have "several different" and complex legal claims that require adjudication. (See Doc. #171 at ECF 2).

    Thirdly, the Court denied without prejudice plaintiff's three prior motions for appointment of pro bono counsel. (See Docs. ##10, 60, 141). At those times, having considered the type and complexity of this case, the merits of plaintiff's claims, and plaintiff's ability to present his case, the Court did not find any exceptional circumstances warranting appointment of counsel. Again, the Court has considered the type and complexity of this case, the merits of plaintiff's remaining claim, and plaintiff's ability to present the case. At this time, and again, the Court does not find any exceptional circumstances in plaintiff's case that would warrant the appointment of counsel. See 28 U.S.C. § 1915(e)(1); Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). In fact, plaintiff consistently has demonstrated his ability to present this case.

    The Clerk is directed to terminate plaintiff's motion. (Doc. #171).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: June 17, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
Kouriockein Vann,                              MOTION FOR APPOINTMENT OF
                                               COUNSEL

    -against-                                 Case No. 16  CV 7367


Y. Sudranski, et al.
        Respondents.
----------------------------------------X

    Plaintiff, Kouriockein Vann, Pursuant to §1915, request that, this court appoint counsel to represent him in this case for the following reason(s):

    1) Plaintiff is unable to afford counsel.

    2) The issues involved in this case are complex, possibly with the need of an expert witness

    3) The plaintiff has extremely limited access to the law library.

    4) Over 30 days ago, plaintiff's wrote numerous letters to numerous attorneys, asking them to handle his case, but, has only denial replies. As shown with the original filing to the court.

    5) The plaintiff has very limited knowledge of the law, and no cetifications, or legal degrees, to whereas, he can professionally say or state his arguments in the proper and correct legal jargon needed to overcome the defense's attorney's hurdles and arguments... Especially considering the allegations made by plaintiff.

Dated: June 11, 2020

                                                  Kouriockein Vann

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

I, Kouriockein Vann, states the following:

1) I am the plaintiff in the above entitled case. I make thethis declaration in support for this appointment of counsel.

2) The complainant in this case alleges that the plaintiff was subject to the misuse and abuse of force, in a deviant and sexual nature. As well as, being fondled by correctional staff; while other unidentified staff stood by, and did nothing/ failed to intervene. It alleges supervisory officials were aware of the violent actions of their subordinates, and are liable for failing to take action to control them. The plaintiff was subsequently denied due process in many aspects to lodging his compliant, receiving adequate and proper medical care, etc. Plaintiff was denied mediacl care ordered by specialists, with extreme deliberate delays.

3) This is a complex case, because it contains several different legal claims, with each claim involving a different set of defendants.

4) The case involves medical issues that require expert testimony.

5) The plaintiff has requested for a jury trial.

6) The case will require discovery of documents and depositions of a number of witnesses.

7) The testimony will be in sharp conflict, since plaintiff alleges that the defendants are involved in assaulting and fondling the plaintiff, while defendants, in their grievance reply, and their "to-from" to their supervisors, assert differently.

8) The plaintiff has no legal education, certifications or degrees.

9) The plaintiff has very limited access to the law library and legal material, as well as the ability to investigate the facts of the case. For example, by locating and interviewing or staff or offenders who were possibly eye witnesses.

10) As set forth in the memorandum of law submitted with this motion, these facts, along with the legal merits of plaintiff's claims, support the appointment of counsel to represent the plaintiff.

WHEREFORE, the plaintiff's motion for appointment of counsel should be granted. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, the foregoing is true and correct.

Dated: June 11, 2020

/s/ Kouriockein Vann

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This is a Civil rights case, filed under 42 U.S.C. § 1983, filed by a state prisoner and asserting claims for the unconstitutional misuse and abuse of force, the denial of due process in subsequent addressments to issues raised therein the plaintiff's filing, and the denial of medical care for injuries inflicted during the misuse and abuse of force. The palintiff seeks damages as to all claims, and an injunction to ensure proper medical care.

This complaint alleges that plaintiff was sexually assaulted and fondled by correctional staff, Whereas, the plaintiff has been possibly seriously injured/effected in his groin area (reprodutive organ(s). Which could have a profound long term negative effect on the plaintiff. The plaintiff [still has] pain in his perineum area, as well as, his testicles area, and, sometimes his pelvic area. The plaintiff is being denied the adequate treatment for these areas complained about, as a direct effect of the defendant named herein's misuse of force.

## ARGUMENT

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim, and the complexity of the legal issues" (Abdullah v. Gunter, 949 F 2d 1032, 1035(8th Cir. 1991)(citation omitted). In addition, the courts have suggested that the most important factor is whether the case appears to have merit (Carmona v. U.S. Bureau of Prisons, 243 F. 3d 629, (2d Cir. 2001). Each of these factors weighs in favor of the appointment of counsel in this case.

1) FACTUAL COMPLEXITY: The plaintiff alleges he was sexually assaulted and fondled by staff, while others stood by and watched. He also asserts supervisors were immediately notified, and did nothing about the incident. He also challenges that, the denial of medical care was "down played" after the incident by other defendants. Finally, he makes other claims, including the denial of due process being one of them. The sheer number of claims and defendants makes this a factually complex case.

-1-

In addition, one of the plaintiff's claims involves the certain denials of medical care, it will probably be necessary to present medical expert testimony, or, to cross-examine medical witnesses of defendants, or both. The presence of medical or other issues requiring expert testimony support the appointment of counsel (Montgomery v. Pinchak, 2294 F.3d 492, 503-04 (3d Cir. 2002); Moore v. Mabus, 976 F. 2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F. 2d 1070, 1073(7th Cir. 1992).

2) THE PLAINTIFF'S ABILITY TO INVESTIGATE: The plaintiff is incarcerated, and has no ability to investigate the facts. For example, he is unable to identify and locate, and interview the offenders who were present, and who saw some or all of the misuse of force. He is in the same situation with regard to developing facts as an offender who has been transferred to a different facility, a factor several courts have cited in appointing counsel ( Tucker v. Randall, 948 F. 2d 391-92 (7th Cir. 1991); Gatson v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1998). In addition, this case will require considerable discovery concerning the identity of witnesses, the officer's reports, and statements about the incident, and prior history of misuse of force involvement with defendants named herein, and the plaintiff's medical (Parham v. Johnson 126 F.3d 454, 459(3d Cir. 1997)(holding counsel should have been appointed, because "prisonere's lack of legal experience, and the complex discovery rules clearly put offender at a disadvantage in countering defense discovery tactics... these [discovery] rules prevented [the plaintiff] from presenting an effective case below").

3) CONFLICTING TESTIMONY: The plaintiff's account of his sexual assault and fondling by defendants, is so in conflict with the statements of the defendants. This aspect of the case will be a credibility contest between defendants and the plaintiff(and each inmate witness as can be located). The existence of these credibility issues supports the appointment of counsel (Steele v. Shah, 87 F. 3d 1266, 1271(11th Cir. 1996); Gatson v. Coughlin, 769 F. Supp. @ 273).

4) ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM: The plaintiff is an indigent prisoner with no legal training, a factor

-2-

that supports appointment of counsel (Forbes v. Edgar 262, 264 (7th Cir. 1997). In addition, he is incarcerated with very limited access to the law library as a factor supporting appointment of counsel (Rayes v. Johnson, 969 F. 2d 700, 703-04 (8th Cir. 1992).

5) LEGAL COMPLEXITY: The large number of defendants, some who are supervisory officials, presents complex issues of determing which defendants are sufficiently personally involved in the Constitutional violations to be held liable (Hendricks v. Coughlin, 114 F. 3d 390, 394(2d Cir. 1997)(Holding complexity of supervisor liablity supported appointment of counsel). In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has, or can develop(Solis v. County of Los Angeles, 514 F. 3d 946, 958(9th Cir. 2008)(Prisoner of 8th Grade education and no legal training, is "ill-suited" to conduct a jury trial.).

6) MERIT OF THE CASE: The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The unprovoked and injurious sexual assault and fondling alleged in the complaint clearly states an 8th amendment violation (Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995(1992). The allegations of denial of medical care amount to "intentionally interfeing with the treatment once prescribed", which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to a prisoner's medical needs (Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285(1976).

## CONCLUSION

For the foregoing reasons, the court should grant plaintiff's motion, and appoint counsel in this case.
Dated: June 11, 2020

Kourtockein Vann

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Kouriockein Vann,

                      Petitioner,

**AFFIRMATION OF SERVICE**

vs.

                                                Case No. 16cv7367

Y. Sudranski, et al.,

                      Respondent
-----------------------------------------------------------X

      I, Kouriockein Vann, declare under penalty of perjury that I have served a copy of the attached appointment of counsel motion, with supporting affidavits upon the below named party:

```
NYS Attorney General Office      Attn: Court Clerk
44  So. Broadway                 Southern District Federal Court
White Plains, NY 10601           500 Pearl Street
                                 New York, NY 10007
```

I, Kouriockein Vann, declare under penalty of perjury that the above statements are true and correct.

Dated: June 11, 2020
           Fallsburg, New York

                                                            Respectfully Submitted,

                                                            Kouriockein Vann

*RECEIVED JUN 16 2020 PRO SE OFFICE*

Case 7:16-cv-07367-VB-LMS Document 171 Filed 06/16/20 Page 7 of 7

SULLIVAN CORRECTIONAL FACILITY
P.O. BOX 116
FALLSBURG, NEW YORK 12733-0116

NAME: kouriockein vann    DIN: 10A0017

LEGAL MAIL

Attn.: Pro se Intake Office
Federal District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

NEOPOST
06/12/2020
$000.65⁰
ZIP 12733
041M11286638