USD...
DOC...
EL... ...CALLY FILED
DO...
D... 7/8/2...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

KOURIOCKEIN VANN,                    :

                Plaintiff,          :

v.                                   :

CORRECTION OFFICER Y. SUDRANSKI,     :
                Defendant.         :

---------------------------------------------------------------X

**ORDER GRANTING**
**REQUEST FOR PRO BONO**
**COUNSEL**

16 CV 7367 (VB)

Briccetti, J.:

The Court directs that the Clerk of Court seek pro bono counsel to enter an appearance for the purpose of conducting settlement negotiations and, if necessary, trial in the above-captioned case. Counsel will file a Notice of Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The in forma pauperis statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Id. Even if a court does believe that a litigant should have a free lawyer, under the in forma pauperis statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., 877 F.2d 170, 172–73 (2d Cir. 1989).

In Hodge, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." Id. at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id.; see also Cooper v. A. Sargenti Co., 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge v. Police Officers, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a request to proceed in forma pauperis, which the Court granted. (See Doc. #8). Plaintiff therefore qualifies as indigent.

In the complaint, plaintiff asserts a claim under 42 U.S.C. § 1983, alleging defendant used excessive force against plaintiff during a pat frisk on July 12, 2015.

The Court previously dismissed plaintiff's claims against other defendants (Doc. #64), and granted summary judgment in favor of defendant and Lieutenant Hann, another defendant,

2

on other claims.  (Doc. #170).  Accordingly, plaintiff's remaining claim is an Eighth Amendment excessive force claim against defendant Sudranski.  (See Doc. #170).

The Court finds that plaintiff's surviving claim is "likely to be of substance." Hodge v. Police Officers, 802 F.2d 61–62.  The Court further finds that the other Hodge factors also weigh in favor of granting plaintiff's application.  Plaintiff lacks the ability effectively to engage in settlement negotiations and, if necessary, try the case.  Should the case go to trial, plaintiff's and defendant's conflicting accounts of the incident in suit, and therefore the parties' credibility as witnesses, will be a central issue of fact that implicates the need for cross-examination.  In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." See id. at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of plaintiff's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  See http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of plaintiff's representation beyond the matters described in this Order.  Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to plaintiff or to the Court in this matter.

3

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent plaintiff for the purposes described above.  The Court advises plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent plaintiff.  If an attorney volunteers, the attorney will contact plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated:   July 8, 2020
         White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge